IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH LEE AARON, # 270303, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv601-MHT |
| ) | (WO) |
| CHERYL PRICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Ralph Lee Aaron ("Aaron") on July 27, 2015. Doc. No. 1.[1] Aaron challenges his guilty-plea convictions for one count of first-degree sodomy and three counts of production of obscene material entered against him by the Circuit Court of Covington County in February 2010. He presents claims that (i) his trial counsel was ineffective, (ii) he was denied his right to appeal, (iii) his guilty plea was involuntary, (iv) his convictions were obtained by a coerced confession, (v) his convictions were obtained by an unlawful search and seizure, (vi) his convictions violate the protection against double jeopardy, and (vii) his sentence was unlawful.[2] *Id.* at 15–44. The

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned in this action by the clerk of court. Page references are to those assigned by CM/ECF.

[2] In January 2012, Aaron filed a previous § 2254 petition that was dismissed without prejudice because it contained claims not exhausted in state court. Civil Action No. 2:12cv186-WHA.

respondents argue that Aaron's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. No. 7. The court agrees and finds that Aaron's petition should be denied as untimely.

## II.  DISCUSSION

<u>AEDPA's One-Year Limitation Period</u>

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## Relevant State Court Proceedings

On February 5, 2010, Aaron pleaded guilty in state court to one count of first-degree sodomy and three counts of production of obscene material depicting a person under 17 years of age. On that same date, the trial court sentenced Aaron to four consecutive terms of life in prison. Aaron took no direct appeal.

On February 1, 2011, Aaron filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Civil Action No. 2:12cv186-WHA, Doc. No. 14-1 at 30. On October 4, 2011, the trial court denied Aaron's Rule 32 petition. *Id.* at 2. Aaron appealed, and on March 9, 2012, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Doc. No. 7-1. Aaron filed an application for rehearing on March 20, 2012, which the appellate court overruled on April 6, 2012. Doc. No. 12 at 3; Doc. No. 1-19 at 2. He did not seek timely certiorari review in the Alabama Supreme Court. On April 25, 2012, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. No. 7-2.

## Application of 28 U.S.C. § 2244(d)

Because Aaron took no direct appeal, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on March 19, 2010—i.e., 42 days after his February 5, 2010 sentencing—when the time lapsed for him to file a notice of appeal. Ala. R. App. P. 4(b)(1). Absent statutory or equitable tolling, Aaron had until March 19, 2011, to file a § 2254 petition considered timely

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). Aaron filed his state Rule 32 petition on February 1, 2011. Under § 2244(d)(2), that filling tolled the limitation period for filing a § 2254 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). The AEDPA's one-year limitation period had run for 319 days (i.e., from March 19, 2010, to February 1, 2011) when the Rule 32 petition was filed. The state court proceedings on the Rule 32 petition concluded on April 25, 2012, when the Alabama Court of Criminal Appeals issued a certificate of judgment. On that date, Aaron had 46 (i.e., 365 - 319) days remaining on the federal clock. The limitation period ran unabated for those 46 days, before expiring on June 11, 2012.[3] Aaron did not file this § 2254 petition until July 27, 2015—over three years after the federal limitation period lapsed.[4]

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Sec'y Dep't of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). A petitioner is entitled to equitable tolling "only

---

[3] The court adds an additional day for the running of the limitation period in this case because June 10, 2012, was a Sunday.

[4] The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Aaron by affording a different triggering date such that AEDPA's limitation period commenced on some date later than March 19, 2010, or (counting tolling under § 2244(d)(2)) expired on some date later than June 11, 2012.

4

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Aaron argues he is entitled to equitable tolling—and that the filing of his § 2254 petition well beyond the AEDPA's limitation period should be excused—because, he says, he did not receive timely notice of the Alabama Court of Criminal Appeals' April 25, 2012 issuance of a certificate of judgment finalizing the appellate proceedings regarding his state Rule 32 petition. *See* Doc. No. 12. Aaron seems to allege that he did not learn of the Alabama Court of Criminal Appeals' decision until around June 15, 2014, when he says he received a copy of a court docket sheet in his Rule 32 appeal that he requested from the Alabama Court of Criminal Appeals. *Id*. at 4. Several months later, in February 2015, Aaron undertook an ultimately unsuccessful effort to revive his Rule 32 appeal and obtain certiorari review by the Alabama Supreme Court of the state appellate court's April 2012 judgment. *Id.* at 4–5. On April 15, 2015, the Alabama Supreme Court denied Aaron's petition for writ of certiorari as untimely filed. Doc. No. 7-7.

Aaron's bid for equitable tolling fails because he does not demonstrate his reasonable diligence in pursuing his rights, a requirement for equitable tolling. The Alabama Court of Criminal Appeals' certificate of judgment in Aaron's Rule 32 appeal, which restarted the federal clock for Aaron to file his § 2254 petition, issued on April 25, 2012. After the appellate court's memorandum opinion affirming the trial court's denial

of Aaron's Rule 32 petition had issued (on March 9, 2012), Aaron, on March 20, 2012, filed on application for rehearing. Doc. No. 12 at 3. By his own account, Aaron did not attempt to contact the state appellate court until early November 2012 to inquire into the status of his application for rehearing or his Rule 32 appeal generally. *See* Doc. No. 12 at 3. The record reflects that, in response to Aaron's inquiry, the clerk of the Alabama Court of Criminal Appeals mailed a reply on November 15, 2012, advising Aaron that the court had issued its certificate of judgment in April 2012 and that his appeal was concluded at that time. *See* Doc. No. 7-6. Aaron, however, maintains he did not receive the clerk's letter. Doc. No. 12 at 3.

Nevertheless, Aaron waited for almost one and a half years, until mid May 2014, before again attempting to contact the Alabama Court of Criminal Appeals about the status of his Rule 32 appeal, requesting a copy of the docket sheet in the case. *See* Doc. No. 1-17. Within a week, the clerk of the appellate court sent Aaron a notice advising him of the cost of obtaining copies and informing him that the cost of the documents he was requesting would be $5.00. *Id*. Aaron paid the fee, and on June 15, 2014, he received a copy of the docket sheet sent by the Alabama Court of Criminal Appeals. Doc. No. 12 at 4. An entry on that docket sheet clearly indicated that the Alabama Court of Criminal Appeals issued a certificate of judgment in Aaron's Rule 32 appeal on April 25, 2012. Doc. No. 1-19 at 2.

Even then, Aaron did not act immediately with regard to protecting his federal habeas rights, but instead waited until February 2015 to file pleadings in the *state* appellate court in the above-mentioned attempt to revive his by then long-since defunct Rule 32

6

appeal. Those efforts proved futile, as would have been well apparent to Aaron by April 15, 2015, when the Alabama Supreme Court denied as untimely a petition for writ of certiorari he submitted to the court earlier that month. Another three months and twelve days passed before Aaron finally filed the instant § 2254 petition in this court.

Even by the most conservative estimate, where Aaron first learned from the docket sheet mailed to him on June 15, 2014, that his Rule 32 appeal was final in April 2012, the factual history outlined above shows that Aaron waited for over a year after learning the fate of his Rule 32 appeal before he filed his § 2254 petition in this court.[5] Aaron's delay reflects a lack of reasonable diligence in seeking to vindicate his rights. *See Felton v. Florida*, 153 F. App'x 620, 621 (11th Cir. 2005); *Williams v. Sec'y, Fla. Dep't of Corr.*, 2015 WL 4459503 at *2 (M.D. Fla. Jul. 21, 2015); *United States v. Preyear*, 2010 WL 4026087 at *3 (S.D. Ala. Sep. 22, 2010).

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary

---

[5] The court does not consider Aaron to have demonstrated reasonable diligence in keeping apprised of the outcome of his Rule 32 appeal during the over-two-year period that passed before he received the docket sheet from the Alabama Court of Criminal Appeals. But even if this court were to assume that Aaron has demonstrated his reasonable diligence in seeking to keep apprised of the outcome of the appeal before that point, he fails to demonstrate diligence in pursuing his rights after receiving the docket sheet sent to him in June 2014.

7

circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). Under the facts discussed above, the connection between Aaron's alleged untimely receipt of notice of the disposition of his Rule 32 appeal—the "extraordinary circumstance" posited by Aaron—and Aaron's subsequent delay in pursuing his rights in federal court is too attenuated to justify equitable tolling. Aaron's failure to demonstrate his reasonable diligence in pursuing his rights defeats his eligibility for equitable tolling.

Because Aaron did not file his § 2254 petition within the AEDPA's limitation period, his petition is time-barred under § 2244(d) and his claims are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before May 22, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of May, 2017.

    /s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE